## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1907.

*(Continued from Volume 123)*

J. GEORGE GEIWITZ et al., Plaintiffs in Error, v. JOHN C. LANDIS, Defendant in Error.

Kansas City Court of Appeals, April 1, 1907.

SECOND-CLASS CITIES: Taxbills: Advertisement: Distinct Ordinances: Contracts. The board of public improvements published notice that ordinances would be submitted to the council reconstructing Tenth street from Powell street to Lafayette street. Subsequently they presented to the council three ordinances each for the improvement of a distinct part of the portion included in the notice. The three ordinances were passed at the same session and the contracts were let to different contractors and the whole work was completed within the time prescribed and before the taxbills in question were issued. *Held,* the whole improvement was made as one scheme and duly completed making one improvement in keeping with the original and entire plan, and the letting it in separate portions is not fatal and substantial objection to the taxbills.

Error to Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

124 App.—1        (1)

Geiwitz v. Landis.

*Vinton Pike* for plaintiffs in error.

(1) The common council was powerless to pass an ordinance directing street improvement without previous recommendation by the board of public works. State ex rel. v. St. Louis, 161 Mo. 378; Cole v. Skrainka, 37 Mo. App. 327, 105 Mo. 303; Verdin v. St. Louis, 131 Mo. 26. (2) The validity of the board's recommendation depended upon compliance with the provisions of section 8, quoted above. State ex rel. v. St. Louis, 161 Mo. 380. (3) The designating notice established the district the whole length of Tenth street from Powell to Lafayette. Property-owners between Frederick and Lafayette being unable to make a selection against the majority between Frederick and Powell, refrained from useless opposition or remonstrance. No objections being made, the board abandons the notice and recommends an ordinance for the improvement with macadam of the district between Frederick avenue and Lafayette, the district the board desired so to improve from the start, but knew would be defeated if the proposition had been submitted to the abutting proprietors of that district alone.

*Culver & Phillip* for defendant in error.

(1) The designating notice plainly stated that "ordinances" would be introduced and that, on the day named, objections to the passage of such "ordinances" would be heard. There is nothing in the charter of the city or the laws of this State which in any way prohibit the board from designating the limits of an improvement and at the same time making separate contracts for the doing of different parts of the work, provided the whole improvement is made as designated. Nor is there anything in the charter which requires the whole of the improvement to be embraced in one ordinance. The court will not read something into the law which the law as written in no way contemplates. (2) There is no evidence whatever showing, or reason as-

signed why, any property-owner was in any way in-
jured by the fact that the improvement was made under
several ordinances and contracts instead of one.    (3)
Even where the whole work is provided for in a single
ordinance, separate contracts for doing the work by
parts may be made.   Eyerman v. Blakesley, 13 Mo. App.
407; Construction Co. v. Loevy, 64 Mo. App. 430, and
cases cited.

ELLISON, J.—This action was instituted to en-
join and restrain the issuing of certain taxbills for
street paving in the city of St. Joseph.   The finding and
judgment were for the defendants in the trial court.

The case was determined on an agreed statement of
facts.   It appears that by the charter of the city of St.
Joseph as amended by Acts of 1903, page 60, section 8,
that the board of public works may be of its own motion
(if acted upon unanimously) prepare an ordinance for
the improvements of streets to be submitted to the com-
mon council along with plans and estimate of the cost
thereof.   But before submitting such ordinance to the
council the board of public works must publish a notice
for five days notifying all persons interested, of the time
and place for hearing any objection to the proposed ordi-
nance.   If no objections are made, or if made, are over-
ruled, then the matter must be continued for fifteen
days, within which time the owners of a majority of the
front feet have the privilege of selecting the material
to be used in the improvement.   If no selection of ma-
terial is thus made, then the board may recommend any
desired material.

It appears that the board of public works gave the
proper five days' notice of publication that ordinances
(using the plural) would be introduced in the council
"for the reconstruction of the macadam, curbing, gutter-
ing, alleyways and cross-walks on Tenth street, from the
south line of Powell street to the north line of Lafayette

street." It further appears that no objections were made by property-owners and that thereafter no selection of material was made by such owners. Thereafter the board of public works recommended to the city council, at one time, three separate ordinances, each being accompanied by the full plans and estimates of the cost of the improvements, and each being for a specified part of the distance over which the street was to be improved, and the three, taken together, covering the whole distance. These ordinances were regularly passed by the council and the work was let to three different contractors. One division or part of the work, that is, the work provided for in one of the ordinances, was let to this defendant. Each of the contractors completed the work let to them within the proper time and before any of the taxbills in this case were issued.

The point of objection to the validity of the proceedings is that the board of public works, after having given notice that it would introduce ordinances to the city council for the improvement of Tenth street from Powell to Lafayette, could not, although no objections were stated and although no selection of material was made, recommend to the council that the distance to be improved be divided and ordinances passed for the paving of each division, notwithstanding the whole would cover the entire length of the improvement of which notice was given; and the council could not pass valid ordinances following such recommendations.

After full consideration of the reasons suggested by plaintiffs' counsel against the validity of such procedure, we have concluded they do not afford sufficient ground for denying the power of the board and the council. It is suggested that such proceedings may result in the denial of the right to the majority to protest, or to select the material with which the work should be done; since a minority of property-owners along the entire length of the improvement might be a majority

along only a part of that line. Property-owners in one of the divisions of the work might be opposed to having it done, yet realizing that they were a minority of the whole length might not make what they would deem a fruitless protest, or selection of material, because of the majority being against them; yet if they had known that only a certain portion of the entire length was to be improved, they would have found themselves in a majority of such portion and could have had their way. This line of reasoning would be of more force as applied to an instance where only a portion of the entire length as advertised was improved. But in this case, the whole improvement was made as one scheme and plan and it was duly completed, making one improvement in keeping with the original and entire plan. The only thing the board of public works and council have done is to make the whole improvement by letting it in separate portions and to this we can see no valid and substantial objection.

We think the judgment should be affirmed. All concur.